## Woelfel *v.* Hammer et al., Appellants.

*Opening judgment—Compounding felony—Award of arbitrators.*

A judgment entered upon a bond given to secure any indebtedness that might be found against the obligor by award of arbitrators, will not be opened on the ground that it was given to compound a felony, where the evidence shows that there was no actual agreement not to prosecute, and that the obligor, although charged with a felony, did not actually commit it.

Argued Nov. 3, 1893. Appeal, No. 262, Oct. T., 1893, by defendants, J. B. Hammer et al., from order of C. P. No. 1, Allegheny Co., Dec. T., 1891, No. 236, in favor of plaintiff, Lawrence Woelfel, discharging rule to open judgment. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule to open judgment.

From the record it appeared that judgment was entered upon a bond, the condition of which was as follows:

" Now the condition of this obligation is such that if the said J. B. Hammer shall pay said Woelfel any and all sums of money found due said Woelfel from and by said Hammer under said proceedings in arbitration, within ninety days after final determination thereof, without any fraud or further delay, then this obligation to be void, otherwise to be and remain in full force and virtue."

On January 27, 1893, the court granted a rule to show cause why the judgment should not be opened. Defendants averred in their petition for the rule that the bond was the consideration for stifling and settling prosecutions for larceny, larceny as bailee, etc. Plaintiff in his answer averred that the prosecutions were made in heat, and upon information received, and upon further investigation, found unsustainable, and that he was advised and believed that the prosecuting of said charges in the criminal court would be considered as an attempt simply to prosecute a civil debt, and make the criminal court a vehicle by which to secure a statement of accounts between himself and partner and employee. That the bond was not given as the consideration for the settling of said charges; that he, L.

Woelfel, never settled or consented to the settlement of said charges; that he did not pay or authorize the payment of the costs; that said bond was given only and solely as appears by the terms thereof, to secure the payment of any award that might be made in favor of said Woelfel, and against said Hammer; that said bond created no immediate liability, but was contingent upon the result of the arbitration agreed upon between the parties; that said Hammer iterated and reiterated his entire innocence of any crime or misdemeanor; that said Woelfel, while not agreeing so to do, was yet willing to wait until said Hammer could have an opportunity to explain the entries in said book; that no misdemeanor or felony was compounded, and none had been committed within the knowledge of said Woelfel; that said Hammer denies his guilt; that the arbitrators on March 24, 1892, did award in favor of said Woelfel and against said Hammer in the sum of $1,717.60 and costs.

Depositions were taken, and after argument the court filed the following opinion:

" The defendants have shown no case for relief. It does not appear that there was any felony committed, but the contrary; nor have the defendants shown there was any actual agreement not to prosecute: Swope v. Fire Insurance Co., 93 Pa. 251. The evidence shows that the judgment bond was given to secure any indebtedness that might be found against Hammer after a legal trial before arbitrators mutually chosen, each party giving bond for the same purpose. There was nothing illegal in this. Under all the evidence we think there was a good legal consideration for the bond, and the rule to open judgment is discharged."

*Error assigned* was order as above.

*W. I. Craig*, for appellants, cited: Pearce v. Wilson, 111 Pa. 25; Bredin's Ap., 92 Pa. 241; Riddle v. Hall, 99 Pa. 116; Ormerod v. Dearman, 100 Pa. 561; Ham v. Smith, 87 Pa. 63; 1 Russell on Crimes, page 198; Keir v. Leeman, 51 E. C. L. 314; Collins v. Blantern, 2 Wilson, 341; Frevall v. Fitch, 5 Whart. 325.

*J. A. Langfitt* and *A. B. Angney*, for appellee, not heard,

cited: Lord v. Breeze, 3 Kulp, 358; Swan v. Scott, 11 S. & R. 155; Johnson v. Hulings, 103 Pa. 502; Swope v. Jefferson Fire Ins. Co., 93 Pa. 251.

PER CURIAM, January 15, 1894:

The court below was right in refusing to open the judgment and let the defendants into a defence. The decree discharging the rule to show cause should therefore be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by the appellant, J. B. Hammer.